IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| MICKY DAWN WADE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00070-O-BP |
| § | |
| WICHITA COUNTY, TEXAS, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Amended Petition for Writ of Habeas Corpus filed by Petitioner Micky Dawn Wade ("Wade") pursuant to 28 U.S.C. § 2241 on May 11, 2019, and Petitioner's Petition for Federal Review filed on March 3, 2020, which the Court construes as a supplement to Wade's Amended Petition. ECF Nos. 7 and 11, respectively. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** the Amended Petition for Writ of Habeas Corpus and Petition for Federal Review for failure to exhaust state remedies.

**I.    Background**

Wade is detained in the Wichita County Jail in Wichita Falls, Texas on state criminal charges and brings this action pursuant to 28 U.S.C. § 2241. ECF No. 7.  He claims that he is awaiting trial in Cause Nos. 59736-C (compelling prostitution), 59642-C (five counts of sexual assault of a minor), and 59641-C (failure to register), have been pending against him in the 89th Judicial District Court. ECF No. 7 at 3. Wade challenges the indictments, claims that the state trial court has failed to provide him a speedy trial, objects to excessive and oppressive offenses and bail, and asserts his actual innocence on the charges brought against him. *Id.* at 5-7. He seeks

dismissal of the indictments and release from detention. *Id.* at 8. Wade states that he filed several pre-trial motions, an appeal in the Second Court of Appeals, a grievance with the State Bar of Texas, and a grievance with the State Judicial Conduct Committee. *Id.* at 2. Wade's Petition for Federal Review provides additional information regarding his claim of violation of his right to a speedy trial. ECF No. 10.

## II.     Legal Standards and Analysis

Pursuant to 28 U.S.C. § 2241, a pretrial detainee may file a writ of habeas corpus only if he is in custody and has fully exhausted his state remedies. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Wade is in custody for purposes of § 2241 as he remains incarcerated in the Wichita County Jail awaiting trial.

However, Wade must fully exhaust state remedies before seeking federal habeas relief. *Id.* Federal courts should not exercise jurisdiction over a claim if the issues presented may be decided by a trial on the merits or by other state procedures currently available to the petitioner. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). To exhaust state remedies, a petitioner such as Wade normally must appeal to the highest court of the state where he is detained and present his claims of deprivation of federal constitutional rights to that court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, a petitioner for federal habeas relief must first present his claims to the Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A petitioner may be excused from the exhaustion requirement only under extraordinary circumstances, and these exceptions are narrowly applied. *Fuller v. Rich*, 11 F.3d. 61, 62 (5th Cir. 1994) (per curiam).

Wade has not satisfied the exhaustion requirement because he has not completed one round of the Texas appellate review process. Nor has he shown the "special circumstances" that would warrant the Court's intrusion in the state court criminal proceedings at this time. A review of the state court appellate docket confirms that while Wade did appeal to the Second Court of Appeals, his appeal was dismissed for lack of jurisdiction. *Wade v. State*, No. 02-20-000084-CR, 2020 WL 3865360 (Tex. App.—Fort Worth Jul. 9, 2020) (mem. op., not designated for publication). Wade has not appealed to the Texas Court of Criminal Appeals. *See* TAMES Search, http://www.search.txcourts.gov/CaseSearchaspx?coa=coa02 (search Style Wade and Trial Court County Wichita) (last accessed Aug. 17, 2020).

Wade was required to fully exhaust his available state remedies before filing a federal habeas petition. *See* 28 U.S.C. § 2241(c). He did not do so. Accordingly, because Wade has failed to exhaust his state remedies, his § 2241 petition should be dismissed. *See Anderson v. Anderson*, No. 4:14-CV-336-O, 2014 WL 3500151 (N. D. Tex. Jul. 15, 2014). Dismissal should be without prejudice so that Wade may pursue federal habeas relief after the conclusion of his state court prosecution. *Id.* at *2.

### III.   Conclusion

Because Wade has not exhausted his state court remedies nor shown why he should be excused from doing so, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS WITHOUT PREJUDICE** the Amended Petition for Writ of Habeas Corpus (ECF No. 7) and and Petition for Federal Relief (ECF No. 11) for failure to exhaust state remedies.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** August 18, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE